UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL DONALD RACKERS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:21-CV-15 RLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Michael Donald Rackers' pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 1) filed February 1, 2021, and the United States of America's Motion to Dismiss Section 2255 Petition Filed by Defendant (ECF No. 4) as untimely. The United States also filed a Response in opposition (ECF No. 5) addressing the merits of the § 2255 Motion, but Movant did not file a reply.

Rackers also did not respond to the United States' Motion to Dismiss. Instead, on February 28, 2022, Rackers filed a pro se motion (ECF No. 10) that the Court construes as a motion for leave to file an amended § 2255 motion to add a new claim under Borden v. United States, 141 S. Ct. 1817 (2021). The United States opposes amendment on the grounds that (1) the new claim does not relate back to the original § 2255 Motion and is time barred; and (2) Rackers' conviction is unaffected by the holding of Borden. Rackers did not reply in support of his motion for leave to file an amended § 2255 motion.

For the following reasons, the Court will grant the United States' motion to dismiss the original § 2255 Motion as time barred, and will deny Rackers leave to file an amended § 2255 motion because it is also time barred.

**Background**

On December 21, 2017, a federal grand jury returned an Indictment against Rackers charging him with: (1) Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1); (2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A); and (3) Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (Case Number 1:17 CR 120 RLW, ECF No. 1) ("Criminal Case") After Rackers made his initial appearance, the Court appointed an assistant Federal Public Defender to represent Rackers. (Crim. Case, ECF No. 6.) On December 27, 2017, a privately retained attorney entered her appearance for Rackers. (Id., ECF No. 11.)

On April 20, 2018, Rackers waived his right to file pretrial motions. That waiver was accepted by the Court. (Crim. Case, ECF No. 35.) On August 20, 2018, Rackers appeared before the District Court and entered a guilty plea to Counts 1, 2, and 3 of his Indictment. Rackers also signed a written plea agreement setting out the terms of his guilty plea agreement with the Government. (Id., ECF No. 44.)

On February 19, 2019, the Court conducted Rackers' sentencing, and varied downward from the applicable Guideline range for Counts 1 and 3 and imposed a sentence of 15 months on each of Counts 1 and 3, to be served concurrently, and 60 months on Count 2, to be served consecutively to Counts 1 and 3, for a total sentence of 75 months. (Crim. Case, ECF No. 57 at 2.) The Court also ordered that Rackers serve a period of supervised release of two years. (Id. at 3.) Rackers did not appeal either his conviction or sentence.[1]

Defendant's attorney filed a Motion to Correct Clerical Error in Judgment (Crim. Case, ECF No. 63) on April 30, 2020, seeking to amend the Judgment to reflect the correct charge of

---

[1] Rackers was released from the custody of the federal Bureau of Prisons on May 26, 2023, but the instant § 2255 motion is not moot as a result, as Rackers was in custody at the time the motion was filed, the motion challenges his conviction, and he remains on supervised release.

2

conviction as pronounced by the Court and to which Defendant had pleaded guilty. The Motion stated that Rackers' Judgment incorrectly recited that his conviction for Count 2 was "Possession of a Firearm in Furtherance of a Crime of Violence," when it was actually "Possession of a Firearm in Furtherance of a Drug Trafficking Crime." The Government agreed with Rackers that Count 2 as listed in the Judgment was in error and should be amended to reflect the actual charge of conviction. (Crim. Case, ECF No. 65). The Court issued an Order Amending Judgment (Id., ECF No. 66) that granted Defendant's Motion to Correct Clerical Error in Judgment pursuant to Rule 36, Federal Rules of Criminal Procedure, and directed the preparation of an Amended Judgment.

Rackers filed the instant § 2255 Motion on February 1, 2021. It contains one ground with numerous subparts, primarily asserting claims of ineffective assistance of counsel but including other claims as well.[2]

**Legal Standards**

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. A district court may consider, on its own initiative, whether a

---

[2] Rackers' Ground One asserts "Ineffective Assistance of counsel violation of 4, 5, 6th Amendments to the Bill of Rights," and includes the following alleged errors: Counsel did not introduce to the court defendant's felony conviction Theft/Stealing $500.00 or more was a misdemeanor not a felony; petitioner was not a felon; warrantless search of Petitioner's residence posted no trespassing and private property; failure to suppress evidence as instructed by petitioner; failure to object to petitioner's prosecution of being in possession of firearms that were legally possessed by another; counsel did not enter into record there was no video of traffic stop; traffic stop was unconstitutional; counsel failed to advise petitioner of consequences of guilty plea; counsel did not challenge prosecution of illegally obtained evidence on petitioner's private property. Warrantless search of private property (fruit of the poisonous tree.); 1 gram of pot in Missouri is a misdemeanor. Petitioner was arrested and forced back to residence. Petitioner should have been issued a ticket and released, not detained; illegal surveillance on petitioner's home; no probable cause for traffic stop; no due process given to petitioner on state conviction being enhanced to a felony from misdemeanor; counsel misled defendant on matters central to defense strategy; counsel had multiple representation which was prejudicial to petitioner's case; counsel had lack of diligence in seeking bond; low payment as reason for counsel's lack of effort in defending petitioner. (ECF No. 1 at 4, 17-24.)

3

habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). Before dismissing a habeas action as time barred, however, the court must provide notice to the movant. Id. In this case, the United States filed a motion to dismiss Rackers' § 2255 motion as untimely and therefore Rackers has notice that timeliness of his motion is at issue.

Motions brought under 28 U.S.C. § 2255 are subject to a one-year limitations period. Peden v. United States, 914 F.3d 1151, 1152 (8th Cir. 2019). Under 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**Discussion**

A. Rackers' Original § 2255 Motion is Time Barred

A review of the United States' Motion to Dismiss and Rackers' original § 2255 motion indicates it is time barred under 28 U.S.C. § 2255(f) and must be dismissed. Judgment was issued in Rackers' criminal case on February 19, 2019, and he did not appeal. See United States v. Michael Donald Rackers, No. 1:17-CR-120 RLW (ECF No. 57). An unappealed criminal judgment becomes final, for purposes of calculating the time limit for filing a motion under § 2255, when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). In this case, the Judgment became final on March 5, 2019, fourteen days after it was entered. See Federal Rule of Appellate Procedure 4(b)(1). Rackers did not file the instant

4

motion until February 2021 – approximately eleven (11) months after the 1-year § 2255(f)(1) period expired. Rackers' § 2255 Motion is therefore time barred.

Although Rackers did not respond to the Motion to Dismiss, the United States notes that Rackers cites the date of his Amended Judgment in the criminal case as the date he relied on for purposes of the one-year limitation period. Page 13 of the form § 2255 motion sets out the following requirement:

> 18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.

In response, Rackers provided the following information:

> "Amended Judgment on this case as of May 15, 2010 Docket number 67."

(ECF No. 1 at 13.)

Entry of the Amended Judgment in the criminal case does not serve to extend the time for Rackers to file a motion under § 2255, however, because the Amended Judgment merely corrected a clerical error and does not affect the date Rackers' Judgment became final. A review of the procedural history of the Amended Judgment and the relevant law explains why this is so.

Defendant's retained attorney filed a Motion to Correct Clerical Error in Judgment (Crim. Case, ECF No. 63) in the criminal case on April 30, 2020, to amend the Judgment to reflect the correct charge of conviction as pronounced by the Court and to which Defendant had pleaded guilty. The Court issued an Order Amending Judgment (id., ECF No. 66) that granted Defendant's Motion to Correct Clerical Error in Judgment. This Order stated in pertinent part,

> Count II of the Indictment charged Defendant with Possession of a Firearm in Relation to a Drug Trafficking Crime. (ECF No. 1.) Defendant's Plea Agreement states that Count II charges Possession of a Firearm in Relation to a Drug Trafficking Crime. (ECF No. 44 at 2.) The Judgment was issued February 19, 2019, and states in pertinent part that Defendant was adjudicated guilty on Count II of the crime of Possession of a Firearm in Relation to a Crime of Violence. (ECF No. 57 at 1.) As such, the Judgment does not reflect the sentence orally imposed by the Court.

5

> Rule 36 of the Federal Rules of Criminal Procedure provides a mechanism for the correction of clerical errors in a judgment. The Rule states:
>
>> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.
>
> Rule 36, Fed. R. Crim. P. The Judgment's failure to reflect the correct crime for which Defendant was adjudicated guilty on Count II is a clerical error for which relief is available under Rule 36.

(Crim. Case, ECF No. 66 at 1-2.) Thus, the Court issued an Amended Judgment under Rule 36 to correct a clerical error, and did not make any substantive change.

When an amended judgment is merely a clerical correction to the sentence, as here, no new judgment arises for purposes of Federal Rule of Appellate Procedure 4(b)(1)(A), and the date of the original judgment remains the operative judgment for purposes of calculating the one-year limitation period of Section 2255(f)(1). See Patterson v. Fla. Dep't of Corr., 849 F.3d 1321, 1326 (11th Cir. 2017) (en banc) (correction of clerical error does not create a new judgment for appeal purposes); Borgesano v. United States, No. 20-11453, 2021 WL 2879696, at *4 (11th Cir. July 9, 2021) (where amended judgment was issued to correct clerical error, the district court properly used that date to calculate when § 2255 motion was due); see also Dyab v. United States, 855 F.3d 919, 923 (8th Cir. 2017) ("Fixing typographical errors and the like does not substantively alter a prisoner's sentence, so a § 2255 motion filed after such a correction is still a challenge to the original judgment."); United States v. Brown, 915 F.3d 1200, 1202 (8th Cir. 2019) (amended judgment issued to correct an error in the record did not create a new sentence for the purposes of § 2255 petition, which was successive and barred); United States v. Saaga, Crim. No. 2:14-cr-20017-PKH-MEF-1, Civ. No. 2:19-cv-02068-PKH-MEF, 2020 WL 1034626, at *4 (W.D. Ark. Feb. 14, 2020) (recommending that § 2255 motion be dismissed as time barred where amended judgments were issued to correct clerical errors; citing Dyab and Brown).

Based on these authorities, the Court determines that the due date for Rackers' § 2255 Motion is unaffected by the entry of the Amended Judgment and is properly based on the date of the original judgment. Because Rackers' § 2255 Motion was filed more than a year after his judgment became final, it is time barred and the United States' motion to dismiss will be granted.

B.  Motion for Leave to File Amended § 2255 Motion

On February 28, 2022, Rackers filed a document that the Court has liberally construed as a motion for leave to file an amended § 2255 motion to raise a claim under Borden v. United States, 141 S. Ct. 1817 (2021). Borden held that a crime that can be committed with a state of mind of recklessness categorically cannot qualify as a "crime of violence" or a violent felony under the force or "elements" clause of the Armed Career Criminal Act, 18 U.S.C. § 924(3)(2)(B)(i). United States v. Matthews, 25 F.4th 601, 603 (8th Cir. 2022) (quoting United States v. Hoxworth, 11 F.4th 693, 695 (8th Cir. 2021)). The motion for leave to file an amended § 2255 motion will be denied for the following reasons.

First, Rackers' new Borden claim is time barred to the extent he would attempt to rely on Rule 15(c)(1)(B), Federal Rules of Civil Procedure. "Claims made in an untimely filed motion under § 2255 may be deemed timely if they relate back to a timely filed motion as allowed by Federal Rule of Civil Procedure 15(c)." Taylor v. United States, 792 F.3d 865, 869 (8th Cir. 2015) (quoting Dodd v. United States, 614 F.3d 512, 515 (8th Cir. 2010)). Rule 15(c)(1)(B) provides that an "amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Rule 15(c)(1)(B), Fed. R. Civ. P. "To arise out of the same conduct, transaction, or occurrence, the claims must be 'tied to a common core of operative facts.'" Dodd, 614 F.3d at 515 (quoting Mayle v. Felix, 545 U.S. 644, 664 (2005) (analyzing relation back in the context of a 28 U.S.C. § 2254 petition)). New claims

must arise out of the "same set of facts" as the original claims, and "[t]he facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim." Taylor, 792 F.3d at 869 (quoting Dodd, 614 F.3d at 515).

Here, Rackers' Borden claim is not tied to a common core of operative facts with the ineffective assistance of counsel and other claims set forth in the original § 2255 motion and therefore does not relate back under Rule 15(c)(1)(B). In addition, even if the Borden claim could relate back under Rule 15(c)(1)(B), the original motion is itself time barred and therefore cannot operate to render the amended motion timely.

Second, to the extent Rackers might assert his Borden claim is timely under § 2255(f)(3), neither the Supreme Court nor the Eighth Circuit has addressed whether Borden applies retroactively on collateral review. As such, there is no binding authority on this Court to indicate that Borden has been made retroactively applicable to cases on collateral review. Consequently, Rackers' proposed amended motion cannot be timely pursuant to § 2255(f)(3).

Finally, even assuming a Borden claim could be raised on collateral review and be timely in this case, Borden's holding does not apply here. Rackers was convicted of possessing a firearm during and in relation to a drug trafficking crime, not a crime of violence, and he was not sentenced to a mandatory minimum term of imprisonment as an armed career criminal under 18 U.S.C. § 924(e). Further, Rackers' underlying conviction for possession with intent to distribute marijuana required a "knowing or intentional" *mens rea*, not one of recklessness. See 21 U.S.C. § 841(a). As a result, Borden's holding as to the force clause of § 924(e) can have no effect on Rackers' convictions. See United States v. Tucker, No. 7:16CR00002, 2021 WL 4841271, at *2 (W.D. Va. Oct. 18, 2021) ("Because [defendant] was not sentenced pursuant to a mandatory minimum term of imprisonment under § 924(e), Borden is not applicable.").

**Conclusion**

Movant Rackers was provided notice as to the untimeliness of his § 2255 Motion and he made no response. For the reasons discussed above, Rackers' original motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is time barred under 28 U.S.C. § 2255(f) and the United States' motion to dismiss it will be granted. Rackers' motion for leave to file an amended § 2255 to raise a Borden claim will be denied as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that the United States of America's Motion to Dismiss Section 2255 Petition Filed by Defendant (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Movant Michael Donald Rackers' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 1) is **DENIED** and **DISMISSED** as time barred. See 28 U.S.C. § 2255(f).

**IT IS FURTHER ORDERED** that Movant's Motion for Leave to File an Amended § 2255 Motion (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of September, 2023.